IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SCOTT MEYERS, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-1961 |
| | § | |
| AMAZON FTW1, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 1, this case has been referred to the undersigned United States magistrate judge for pretrial management. *Defendant's Motion for Summary Judgment* is before the Court for findings and a recommended disposition. Doc. 65. For the reasons that follow, the motion should be **GRANTED**.

## I. BACKGROUND

On August 31, 2023, Plaintiff Jason Scott Meyers ("Plaintiff") filed a *pro se* complaint for employment discrimination against Defendant Amazon FTW1 ("Defendant"). *See generally* Doc. 3. He alleged that he suffered from a disability and that Amazon: (1) did not reasonably accommodating him for his disability; (2) retaliated against him for his disability; (3) terminated him for being disabled; and (4) withheld personal medical documents from him. Doc. 3 at 4. On June 7, 2024, Defendant moved for summary judgment (the "Motion") on all of Plaintiff's claims. Doc. 65.

On August 9, 2024, Plaintiff filed a late response but did not attach any evidence. Doc. 81. On September 1, 2024, Plaintiff submitted evidence against Defendant's Motion via a USB drive physically mailed to the Courthouse. *See* Doc. 97. This USB drive contains 2.65 gigabytes of data divided into 1,319 files.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (citation omitted).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Indeed, the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.

1998).  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Id.*

The Court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment, but a party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings."  *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (internal alterations omitted) (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)).  If, however, the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

## III. ANALYSIS

As an initial matter, Plaintiff has submitted a USB with an exorbitant number of files, Doc. 97, but has provided zero explanation as to where the Court might find relevant evidence on the USB drive and how the evidence supports his claims, *see* Doc. 81.  As such, the Court finds that the contents of Plaintiff's USB drive does not constitute competent summary judgment evidence.  FED. R. CIV. P. 56; *United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) ("Judges are not like pigs, hunting for truffles buried in the record.");  *see e.g.*, *Lewis v. Greenwood Motor Lines, Inc.*, No. 22-10758, 2023 WL 2810881, at *2 (5th Cir. Apr. 6, 2023) ("Reversal on this basis is thus improper because that court was not required to review the entire summary-judgment record to search for fact disputes supporting [plaintiff's] opposition to the defendants' summary-judgment motion.").  Moreover, the Federal Rules of Civil Procedure provide:

[i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

FED. R. CIV. P. 56(e)(2)-(3).

## IV. ANALYSIS

> A. *Plaintiff's Employment Discrimination and Failure to Accommodate Claims Fail Because Plaintiff Failed to Point to any Evidence Demonstrating he Was Disabled Under the ADA.*

Plaintiff alleges *inter alia* that Defendant discriminated against him and failed to reasonably accommodate his disability. Doc. 3 at 4. Disability discrimination and failure-to-accommodate claims require a plaintiff to prove he is disabled under the Americans with Disabilities Act ("ADA"). *See Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 525-26 (5th Cir. 2022) (holding that a disability discrimination claim "requires an employee to establish (1) she is disabled within the meaning of the ADA"); *Amedee v. Shell Chemical, L.P.*, 953 F.3d 831, 837 (5th Cir. 2020) ("[A] plaintiff must prove the following statutory elements to prevail in a failure-to-accommodate claim: (1) the plaintiff is a qualified individual with a disability . . .") (internal quotations omitted).

Defendant argues Plaintiff failed to prove he suffers from any alleged disability because "he has produced no medical document to support" that he qualifies as having a disability. Doc. 66 at 11-12. Defendant is correct. Plaintiff has failed to proffer evidence that he suffers from a disability in a manner consistent with Rule 56(e). Thus, Plaintiff has failed to demonstrate the existence of a genuine issue of material fact on a necessary element for his discrimination and

failure to accommodate claims, rendering dismissal of these claims on summary judgment appropriate.[1]

B. *Plaintiff's Retaliation Claim Fails Because He Failed to Cite Any Evidence of Causation.*

Plaintiff alleges that Defendant retaliated against him for some unclear activity.  Doc. 3 at 4.  "To establish a prima facie case of unlawful retaliation under the ADA, the plaintiff must show that: (1) she engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action."  *Lyons v. Katy Ind. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020).  "Ultimately, the employee must show that but for the protected activity, the adverse employment action would not have occurred."  *Id.* (internal quotations omitted).  Assuming Plaintiff engaged in a protected activity, Plaintiff has presented no evidence that there is any causal connection between a protected activity and his termination.  In particular, he has failed to show that he would have retained his employment without engaging in the alleged protected activity.  Thus, his retaliation claim should be dismissed.[2]

---

[1] "Once a Plaintiff has established the prima facie case" of discrimination, "the burden of production shifts to the defendant to explain . . .a legitimate, nondiscriminatory reason for the employment action."  *Scales v. Slater*, 181 F.3d 703, 709 (5th Cir. 1999).  Because Plaintiff has failed to establish a prima facie case, the analysis terminates.

[2] Plaintiff also asserts that Defendant withheld medical documents from him.  However, Plaintiff does not plead any legally cognizable claim arising from such assertion.

## C. CONCLUSION

For the foregoing reasons, *Defendant's Motion for Summary Judgment*, Doc. 65, should

be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on October 21, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).